BAIR et al. v. MONTROSE, City Auditor.

No. 3682.   Decided July 5, 1921.   (199 Pac. 667.)

1. MUNICIPAL CORPORATIONS—STATUTE AUTHORIZING INTEREST-BEARING INTERIM WARRANTS FOR IMPROVEMENT CONTRACTORS IS CONSTITUTIONAL. The amendments to Comp. Laws Utah 1917, §§ 676, 695, by Laws 1921, c. 15, § 1, and to Comp. Laws 1917, § 746, by Laws 1921, c. 16, § 1, so as to authorize the issuance to contractors for municipal improvements of interim warrants to the extent of 90 per cent. of the appraised value of the

completed work, which warrants shall bear interest at 6 per cent., are constitutional.

2.  MUNICIPAL CORPORATIONS—APPLICATION OF STATUTE AUTHORIZING INTERIM WARRANTS TO IMPROVEMENT CONTRACTS UNDER CONSTRUCTION IS NOT UNCONSTITUTIONAL; "ESTIMATE." The application of Laws 1921, c. 15, § 1, and chapter 16, § 1, amending the existing laws relating to local improvements in municipalities, so as to authorize the issuance to contractors of interim warrants for the work as it progresses, which shall bear interest, to be included in the final levy, to a contract on which the work had been begun before the statute was enacted, is not unconstitutional, as violating rights of the taxpayers, though thereby the cost of the improvement is made to exceed the estimate, since the use of the word "estimate" precludes accuracy, and indicates a rough or approximate calculation only, and the taxpayers have no right to have the improvement constructed within the estimate.

Original application for mandamus by H. P. Bair and another against J. Leslie Montrose, as Auditor of Logan City.

PEREMPTORY WRIT ISSUED.

*Pratt & Skeen*, of Ogden, for plaintiffs.

*W. H. Folland*, of Salt Lake City, amicus curiæ.

*E. T. Young*, of Logan, for defendant.

CORFMAN, C. J.

Plaintiffs applied to this court for and were granted an alternative writ of mandate to require the defendant, J. Leslie Montrose, as auditor of Logan City, Utah, to deliver to them, as contractors for the construction of a sewer system in Logan City, certain interim warrants authorized by the board of commissioners of said city, pursuant to the provisions of sections 695, 676, and 746, Comp. Laws Utah 1917, as amended by chapters 15, 16 Laws Utah, 1921.

The plaintiffs' affidavit supporting their application, in

substance, alleges: That a certain sewer system was lawfully created in said city, and thereupon the plaintiffs, under a contract entered into with said city on or about October, 1920, proceeded to construct the same; that May 17, 1921, the city engineer of said city made an estimate of the value of the materials then furnished and work done under said contract by plaintiffs, and reported his estimate thereof to the board of commissioners of said city to be $42,536.14; that May 19, 1921, said report or estimate was approved by said board of commissioners, and on the same day the city auditor was authorized and directed by said board to issue to the plaintiffs interim warrants for the sum of $38,282, being 90 per cent. of the value of the materials and labor so furnished and done under said contract, as shown by said estimate; that said warrants were thereupon issued, but the defendant, as city auditor, refuses to deliver the same to plaintiffs.

The defendant has appeared by attorney and filed a general demurrer to the application. It is conceded by the defendant in this case that the said sewer district was lawfully created and that all of the proceedings leading up to the passing of the resolution by the board of city commissioners, authorizing and directing the issuance and delivery of the interim warrants to the plaintiffs were regular. However, the defendant, as city auditor, questions the legality of the said order and resolution under the statute, and assigns the following reasons:

"First, that jurisdiction to make the improvement was acquired by the city commissioners under the provisions of the law before the present amendment was passed by our 1921 Legislature. Part of the work was performed at that time, and these warrants are issued under the amended law for work performed before the said law or statute went into effect. The auditor contends that this places a burden on the taxpayers that was not contemplated by law at the time the notice of intention to tax was published, and that therefore the property owner should not be burdened with an additional burden.

"Second, he contends that this law is unconstitutional, for the reason that the present amendment requires the payment of interest by a taxpayer for an improvement before the improvement is finished, and therefore before benefit accrues to the taxpayer."

Section 695, originally, as found in Comp. Laws Utah 1917, read:

"Special taxes may be levied as the improvements are com-, pleted in front of, or along, or upon any block, or lot, or part thereof, or piece of ground, or at the time the improvement is entirely completed, as shall be provided in the ordinance levying the tax: Provided, that any levy of a special tax for special improvements shall not be made until the cost of such improvement shall first have been ascertained by contract, duly let to the lowest responsible bidder  *  *  *  and the cost of such improvements shall not exceed to the property owner the amount of the contract entered into for the performance of the work."

Section 676 originally provided:

"The assessments of special taxes for *paving purposes* herein provided for shall be made as follows:

"The total costs of the improvements shall be levied at one time upon the property," etc.   (Italics ours.)

Section 746, originally read:

"In any instance where any city or town may levy a special tax or assessment for the purpose of making or paying for any local improvement or improvements, the city auditor, in cities having an auditor  *  *  *  upon being so directed by the city council [commissioners]  *  *  *  at any time after the levy of such tax or assessment, shall issue coupon warrants in payment of the cost and expense of said local improvement or improvements, and against the funds created by said  special tax levies or assessments.  Said warrants shall be drawn on the treasurer of the city  *  *  *  and against the special tax funds as hereinbefore provided; such warrants shall be known as special tax warrants," etc.

· Section 695, as amended, in so far as the same may be applicable here, provides:

"Special taxes may be levied as the improvements are completed in front of or along or upon any block or lot, or part thereof, or pieces of ground, or at the time the improvement is entirely completed  *  *  *  and the cost of such improvement shall not exceed to the property owner his proportion of the total cost of the improvement determined as provided in section 676.  *  *  *  The board of commissioners  *  *  *  may, from time to time as work proceeds in any improvement district pursuant to contract duly entered into, issue to the contractor interim warrants against the improvement district, for not to exceed ninety per cent. in value of the work theretofore done, upon estimates of the city engineer.  *  *  *  which warrants shall bear interest at the rate of six per cent. per annum

from date of issue until fifteen days after levy of assessment. The interest accruing on said warrants shall be included in the cost of said improvement. Said interim warrants and interest shall be taken up and paid by the special improvement warrants or special improvement bonds issued upon completion of the work."

Section 676, as amended, makes reference to interim war. rants as follows:

"The total cost of the improvement which shall include the interest on interim warrants and the total contract price, plus an amount equal to, but not exceeding ten per cent. thereof, to cover the actual cost of engineering, inspection, publishing and mailing notice, and making the levy, shall be levied at one time upon the property and become due in not more than ten equal annual installments," etc.

Section 746, as amended, with reference to interim warrants provides:

"Such warrants or bonds shall be issued to the contractor doing the work in any such improvement district, for the full amount of the contract price due at the time of their issuance including any interest on interim warrants which may have been issued to him, and to the city or town in which such work is done, and by which such bonds are issued for an amount not exceeding ten per cent. of such contract price, to recover the cost of levying, engineering, inspecting, publishing notices and other expenses incident thereto."

As to the constitutionality of the statute providing for the delivery to a contractor of interim warrants we have no doubt. Indeed, the plaintiffs practically concede that the Legislature had the power to enact the statute and that ordinarily its provisions with regard to the issuance and delivery of interim warrants to the contractor would not be an infringement upon any of the rights of the taxpayer. What the defendant seriously contends for is that this provision of the statute may not be held to apply to districts created for the purpose of making public improvements before the act was passed and became effective, and more especially where a part of the contemplated improvement had been completed. Defendant's counsel argue that the estimated cost of the improvement will be exceeded because of the fact that the interim warrants, when issued, bear interest at the rate of six per cent. per annum, and therefore, to that extent,

at least, the rights of the taxpayer whose property is affected are impaired.

In so far as the practical operation of the provisions of the statute under consideration is concerned, we do not think the position taken by counsel is tenable. The exercise of the right to issue interim warrants undoubtedly enables the contractor to more readily finance himself in carrying on the work to a successful completion; and therefore would have a tendency to inspire competitive bidding, and thereby ultimately reduce the cost of the improvement to the taxpayer.

Nor is it shown in the instant case that the contract price will be enhanced by payment of interest on the interim warrants issued by the city. The contract entered into between the plaintiffs and the city is not before us, but, assuming that the interest on the interim warrants would exceed the estimated cost as set forth in the notice to the taxpayer, yet no right of the taxpayer is thus impaired unless it be held that the burden of the tax was definitely fixed by the estimated cost of the improvement contemplated. The word "estimated" necessarily precludes accuracy and is advisory only. Webster defines the word as meaning "a value or rating, especially from incomplete data; rough or approximate calculation," See *City of Boonville ex rel. Cosgrove* v. *Stephens,* 238 Mo. 339, 141 S. W. 1111, 1116; *Branting* v. *Salt Lake City,* 47 Utah, 296, 153 Pac. 995.

It not being shown in this case that payment of interest on interim warrants as authorized by statute renders the act unconstitutional, it would seem that defendant has no right to refuse delivery of the warrants, and ultimately the levy of an assessment against the property owners to cover the same should not be questioned. The statute under consideration plainly provides that the interim warrants may be interest-bearing. The city being authorized to issue the warrants for materials furnished and labor performed as the work progresses, it would seem that no good reason can be assigned why the same may not ultimately be included as a proper item of expense of the cost of the improvement.

It follows that both upon principle and as a matter of law

the peremptory writ should issue as prayed for.   It is so ordered.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.